Reversed and Remanded and Majority and Concurring Opinions filed
November 27, 2007








Reversed
and Remanded and Majority and Concurring Opinions filed November 27, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00215-CV

_______________

 

JOHNNIE WILSON, Appellant

 

V.

 

BRAEBURN PRESBYTERIAN CHURCH, Appellee

                                                                                                                                               


On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 05-14847

                                                                                                                                               


 

M A J O R I T Y  O P I N I O N

 

In this premises liability case,
Johnnie Wilson appeals a summary judgment entered in favor of Braeburn
Presbyterian Church (ABraeburn@) on various grounds.  We reverse and remand.








Wilson sued Braeburn for injuries she
suffered when she slipped and fell on a wet floor in a facility owned by
Braeburn.  Braeburn moved for summary judgment, asserting: (1) it had no duty
to Wilson because she had actual knowledge of the dangerous condition; (2) it
acted reasonably in attempting to repair the leak that caused the floor to be
wet; and (3) it had no duty to Wilson because her employer, NCI Head Start (ANCI@), as the leaseholder of the premises
where the injury occurred, was in control of those premises.  The trial court
granted Braeburn=s motion and entered a take-nothing judgment against Wilson=s claims.

A traditional summary judgment may be
granted if the motion and summary judgment evidence show that there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law on the issues expressly set out in the motion or any response. 
Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment, we consider all of
the evidence in the light most favorable to the nonmovant, indulge every
inference in the nonmovant=s favor, and resolve any doubts against the motion.  Goodyear
Tire & Rubber Co. v. Mayes, __ S.W.3d __, __ (Tex. 2007).  Where, as
here, the summary judgment order does not specify on what grounds it was
granted, it may be affirmed if any of the theories advanced are meritorious.  Browning
v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005).

As relevant to our disposition,
Wilson challenges the summary judgment on the grounds that: (1) Wilson=s knowledge of the danger did not bar
her recovery but only created a fact issue on proportionate responsibility; (2)
Braeburn acknowledged the problem but failed to make the area safe; and (3) the
area where the injury occurred was controlled by Braeburn, not NCI.

Wilson was employed by NCI to run a
Head Start Center in a portion of Braeburn=s facility that NCI leased.  Wilson=s injury occurred in a kitchenette
(the Akitchenette@) where water was draining from an
air conditioning unit into a bucket, but was splattering or overflowing onto
the floor.  Wilson knew the floor was wet, and was attempting to empty the
bucket into a sink when she slipped and fell.








As relevant to this case, a lessor
has a duty to tenants only for dangerous conditions on portions of the premises
that remain under the lessor=s control.  See Shell Oil Co. v. Khan, 138 S.W.3d 288,
296 (Tex. 2004).  Where an injury is caused by such a condition, the lessor is
liable for it if, by the exercise of reasonable care, the lessor could  have
discovered the condition and its unreasonable risk and then made the condition
safe.  Id.  If the dangerous condition is open and obvious, or otherwise
known to the tenant, this does not dispense with the lessor=s duty, but merely presents a fact
issue on proportionate responsibility.[1]

Of Braeburn=s three grounds for summary judgment,
the judgment cannot be affirmed based on: (1) lack of duty, arising from Wilson=s knowledge of the dangerous
condition, because, as noted above, such knowledge does not eliminate Braeburn=s duty as lessor of the premises; or
(2) no breach of duty, arising from Braeburn having repeatedly contacted an air
conditioning service company to repair the air conditioner, because, as noted
above, a lessor=s duty is to exercise reasonable care to make the condition
safe, and merely contacting the service company did not demonstrate as a matter
of law that Braeburn exercised reasonable care to make the condition safe.  Our
disposition is therefore governed by the issue of control.








Although Braeburn contends that the
kitchenette was part of the area leased by NCI, the lease does not refer to the
kitchenette, and it is not clear from the materials attached to the lease or
any other summary judgment evidence whether the kitchenette is: (1) part of the
leased area that was under NCI=s exclusive control; or (2) merely a common area to which NCI
had access but not exclusive control.[2]  Although it
is uncontested that NCI was the only entity using this room during its hours of
operations, the evidence does not indicate whether this was because NCI had the
exclusive right to use it then or, alternatively, because Braeburn simply had
no need to use it during those hours, and we can make no inferences in favor of
Braeburn in this regard.  Moreover, to whatever extent control over the
premises shifted between NCI and Braeburn at different times, Braeburn cited no
authority or evidence establishing as a matter of law that NCI had the
exclusive authority or responsibility to effect the repairs necessary to make
the condition safe.  Because  Braeburn=s summary judgment motion and
evidence thus fail to demonstrate as a matter of law that NCI had control over
the area where the dangerous condition existed, it cannot be affirmed on that
basis.  Accordingly, Wilson=s issues are sustained, the judgment of the trial court is
reversed, and the case is remanded to the trial court for further proceedings.

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed November 27, 2007.

Panel consists of Justices Yates,
Seymore, and Edelman.* (Yates, J., concurring)









[1]           See Parker v. Highland Park, Inc.,
565 S.W.2d 512,  521 (Tex. 1978); Tex. Civ. Prac. & Rem. Code Ann. '' 33.002, 33.003 (Vernon Supp. 2007).





[2]           The kitchenette is located on a hallway
bordered by classrooms that NCI used, as well as a room that it did not.





*           Senior Justice Richard H. Edelman sitting
by assignment.